Amira Qadir BARWARI, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney General of the United States, Respondent.

No. 06–3238–ag.

United States Court of Appeals, Second Circuit.

Dec. 26, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

H. Raymond Fasano, New York, New York, for Petitioner.

George E.B. Holding, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Amira Qadir Barwari, a citizen of Iraq, seeks review of a June 20, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the March 4, 2005 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying her application for asylum, withholding 20 of removal, and relief under the Convention Against Torture ("CAT"). *In re Amira Qadir Barwari,* No. A76 280 814 (B.I.A. June 20, 2006) *aff'g* No. A76 280 814 (Immig. Ct. N.Y. City March 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The only issue sufficiently presented to this Court in Barwari's supplemental brief is whether the IJ improperly denied CAT relief. Generally, issues not sufficiently argued in the briefs are considered waived and will not be addressed on appeal. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). However, because the asylum and withholding of removal claims were presented in Barwari's first brief, were presented to the BIA, and were premised on the same factual predicate underlying her CAT claim, for which, as discussed below, remand is ordered, the BIA should consider these claims on remand as well. *Cf. Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d

520, 523 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("[W]e no doubt have the power to address an argument despite its abandonment on appeal.").

■ Moreover, contrary to the government's contention, we may review Barwari's CAT claim, as it was sufficiently exhausted below. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (holding that each category of relief must be raised on appeal to the BIA). Although Barwari did not analyze the CAT claim separately from her claims of asylum and withholding of removal, in her appeal to the BIA she explicitly stated numerous times that she feared torture or death if returned to Iraq and claimed that the IJ had erred by finding otherwise. Moreover, she sufficiently raised the argument that the torture or death she feared was at the hands of entities beyond the government's control.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact, *see, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003), but review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dept. of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, where, as here, the agency's reasoning or its fact-finding process was sufficiently flawed, we vacate and remand for further proceedings. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Barwari contends that the IJ applied an improper legal standard by find-

ing that she was not entitled to relief on the ground that she feared torture by entities beyond the government's control. The regulations provide that relief under the CAT is limited to those individuals who fear torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). This Court has addressed this requirement and held that, "torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004). The IJ in this case correctly cited to 8 C.F.R. § 1208.18(a)(1); however, the IJ went on to cite *Matter of S–V–*, 22 I. & N. Dec. 1306 (B.I.A.2000) for the proposition that "protection does not extend to persons who fear entities that a government is unable to control." This statement is contrary to *Khouzam's* holding that rogue police officers are capable of carrying out torture for CAT purposes even when acting outside of their official capacities. 361 F.3d at 171; *see also Delgado v. Mukasey*, 508 F.3d 702, 709–10 (2d Cir.2007); *Li Chen Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir.2003) ("disapprov[ing]" of *S–V–* on this point).

■ Moreover, in reaching the conclusion that Barwari had claimed torture only by groups that were beyond the government's control, the IJ took notice of general country conditions. The IJ took notice that Iraq had been liberated, Saddam Hussein's regime had dissolved, free elections had been held, and Kurds were participating in the government. The IJ further found that Barwari's "fear of the general conditions going on in Iraq affect[ed] not only her, but the population in general." However, the IJ failed "to conduct an individualized analysis of how changed conditions [in Iraq would] affect ... [Barwari's] situation." *Tambadou v. Gonzales*, 446

F.3d 298, 303 (2d Cir.2006) (internal quotation marks omitted). The IJ simply compared Barwari—a Kurd and the wife of a former employee of U.S. government contractors who had lived in the U.S. for years, first as an asylee and then as a permanent resident—to all other Iraqi citizens (whether Sunni or Shi'a, insurgent or cabinet minister) or to Kurds who had not worked for U.S. contractors and who had not left Iraq, and concluded that she would be in the same position. Such blanket statements about the general situation in Iraq, devoid of any analysis of the alleged torturers' involvement in government or positions of authority, or of the government's knowledge or willful blindness to them, were an inadequate basis for the denial of CAT relief. *Id.* at 304. Moreover, the IJ's lack of reasoning frustrates any attempt at meaningful judicial review. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir.2006).

"[B]ecause the administrative record is 'silent as to [the] contemporary treatment of persons with backgrounds similar to [Barwari's],'" *Qun Yang v. McElroy*, 277 F.3d 158, 163 (2d Cir.2002) (per curiam), we conclude that remand is appropriate. Moreover, while "the burden of proof rests with the applicant, ... a burden of production rests with the [government]" because it "has greater access than does the alien—even an alien represented by counsel ...—to State Department documents and other sources of current data." *Id.*

The IJ also observed that members of Barwari's family remain in Iraq, apparently without difficulty. While such an observation may bear on whether Barwari would likely be tortured as evidenced by the treatment of Kurds in Iraq, the finding has no bearing on whether she would likely face torture as a result of her husband's work for a U.S. government contractor or her prior refugee status in the U.S. *See Edimo–Doualla v. Gonzales*, 464 F.3d 276,

286 (2d Cir.2006) (noting that, where the applicant testified that his relatives were not politically active, it was impermissibly speculative for the IJ to find that the applicant's fear of persecution was under-cut because members of his family re-mained unharmed in his home country); *Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005) (noting that the experiences of "similarly-situated" family and friends are relevant to whether an applicant's fear is well-founded).

For the foregoing reasons the petition for review is GRANTED, the order of the BIA is VACATED and the case is RE-MANDED for further proceedings.